**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mohan Lal,

Petitioner,

v.

Unknown Party, et al.,

Respondents.

No. CV-26-07000-PHX-MTM

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Petitioner alleges he entered the United States in 2023, was briefly detained, and then released. In September 2026, Petitioner was again detained and has been held ever since without a bond hearing. As such, Petitioner alleges his re-detention violates his Fifth Amendment rights, and he seeks release under the same conditions as before his detention.

The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 4.) In the Response, Respondents state: "Respondents oppose immediate release. However, Respondents agree that Petitioner is entitled to a bond hearing in light of the decision in *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026)." (Doc. 7.)

But because Respondents do not address the issue of whether Petitioner was entitled to a pre-deprivation hearing before being detained, the Court finds the argument waived. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025)

("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his request for release from custody. The remainder of the Petition is denied as moot.

(2) Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention.

(3) Respondents must provide a notice of compliance within **two days** of this Order.

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 7th day of October, 2026.

Michael T. Morrissey

Honorable Michael T. Morrissey
United States Magistrate Judge